IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Randolph Martin,<br><br>      Plaintiff,<br><br>v.<br><br>Contractor Robert E. Newton, Contractor Dana A. Morris, Contractor Gwendolyn Jones, Contractor Janet C. Hasty, Contractor Brianna Furniss, and Contractor Dustin Tate,<br><br>      Defendants. | Case No.: 3:19-cv-00806-SAL<br><br><br>**OPINION AND ORDER** |

      This matter is before the Court for review of two Reports and Recommendations (collectively, "Reports"), issued by United States Magistrate Judge Thomas E. Rogers, III in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). *See* ECF Nos. 33, 60. In the first Report, filed on October 2, 2019, the Magistrate Judge recommends partially dismissing this action and permitting it to proceed only as to Defendant Dustin Tate. ECF No. 33. In the second Report, filed on June 1, 2020, the Magistrate Judge recommends granting Defendant Dustin Tate's Motion to Dismiss, ECF No. 39, which the Magistrate Judge converted to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. ECF No 60. Plaintiff filed objections to both Reports, ECF Nos. 36, 63, and Defendant Tate did not object to either.

**I.    Background**

      Plaintiff Randolph Martin, proceeding *pro se*, filed this civil rights action on March 18, 2019. ECF No. 1. In his controlling Second Amended Complaint, ECF No. 25, Plaintiff asserts several claims surrounding his obligation to pay child support and his related arrests for failure to

1

make the required payments. Plaintiff brings this action against three South Carolina state family court judges, two family court staff members, and Defendant Tate, a sheriff's deputy involved in one of Plaintiff's arrests. Finding Plaintiff's child support claims barred by the Rooker-Feldman Doctrine and finding all but the law enforcement officer entitled to judicial immunity, the Magistrate Judge recommends dismissing Defendants Jones, Newton, Morris, Furniss, and Hasty without prejudice and without issuance and service of process. ECF No. 33. The Magistrate Judge authorized the service of process only upon the law enforcement officer, Defendant Dustin Tate. ECF No. 32.

On November 12, 2019, Defendant Tate moved to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 39. In response, Plaintiff filed matters outside the pleadings, ECF No. 43-1, and the Magistrate Judge considered Defendant Tate's motion as one for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. ECF No. 48. Although Plaintiff's Second Amended Complaint asserts several claims, his response to Defendant Tate's motion only asserts claims for a Fourth Amendment violation and a violation of S.C. Code Ann. § 17-13-50 (providing arrestees a "right to know from the officer . . . the true ground on which the arrest is made."). Defendant Tate subsequently filed additional material in support of his motion, to include the bench warrant pursuant to which Plaintiff was arrested for failure to make court-ordered child support payments. ECF No. 58.

Because a § 1983 action may not rest on "a violation of state law or on a state tort," *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988), the Magistrate Judge recommends granting Defendant Tate's motion as to Plaintiff's claim for a violation of S.C. Code Ann. § 17-13-50. As to Plaintiff's Fourth Amendment claim, summary judgment is recommended where Defendant Tate

submitted a facially valid bench warrant. ECF No. 58-1; *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.") (citation omitted).

## II.     Legal Standard

Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, a party wishing to object to a magistrate judge's report and recommendation must do so with specificity. Only portions of a magistrate judge's report and recommendation that have been properly objected to demand de novo review. *See* Fed. R. Civ. P. 72(b)(3). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court will review a report and recommendation for clear error. *See, e.g.*, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D.W. Va. June 14, 2018). Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). A litigant cannot obtain de novo review by "merely reformatting an earlier brief as an objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

## III.    Discussion

### A.     Summary Dismissal of Defendants Jones, Newton, Morris, Furniss, and Hasty

Plaintiff has failed to properly object to the Magistrate Judge's October 2, 2019 Report; rather, he makes several conclusory statements not directed at a specific portion of the factual findings or reasoning in this Report. The majority of Plaintiff's objections are made up of

allegations copied verbatim from the Second Amended Complaint. Finding no clear error in this Report, it is adopted in its entirety, and Defendants Jones, Newton, Morris, Furniss, and Hasty are dismissed from this action without prejudice.

### B.     Summary Judgment in Favor of Defendant Tate

Summary judgment is proper as to Defendant Tate where Plaintiff cannot maintain a § 1983 action for a violation of state law, and Plaintiff's Fourth Amendment claim fails as a matter of law where Defendant Tate's alleged tortious act is the result of an arrest pursuant to a facially valid warrant.[1] Again, Plaintiff fails to adequately object to the Magistrate Judge's June 1, 2020 Report recommending judgment in favor of Defendant Tate. As with his objections to the October 2, 2019 Report, Plaintiff simply copies large portions of the Second Amended Complaint, and he otherwise makes no argument that attempts to undermine the conclusions in the Report. To the extent Plaintiff continues to argue about whether Defendants Jones, Newton, Morris, Furniss, and Hasty are not entitled to immunity, the time to do so has passed, and the objections are overruled. Finding no clear error in the June 1, 2020 Report, it is adopted, and Defendant's motion is granted.

## IV.    Conclusion

After a thorough review of the Reports, the record, and the applicable law, the Court finds no clear error and adopts the Reports in their entirety. Accordingly, Defendants Jones, Newton, Morris, Furniss, and Hasty are hereby DISMISSED without prejudice and without

---

[1] Any other claim Plaintiff may be attempting to assert against Defendant Tate is deemed abandoned as Plaintiff did not address any other causes of action in response to the pending motion for summary judgment. *Coker v. Int'l Paper Co.*, No. CIVA 2:08-1865-DCNBM, 2010 WL 1072643, at *2 (D.S.C. Mar. 18, 2010) ("[A] plaintiff can abandon claims by failing to address them in response to a summary judgment motion.").

issuance and service of process. Defendant Tate's Motion to Dismiss, ECF No. 39, which the Court treats as one for summary judgment, is GRANTED.

        IT IS SO ORDERED.

                                      /s/Sherri A. Lydon
                                      Sherri A. Lydon
                                      United States District Judge

July 28, 2020

Florence, South Carolina